Mr. Alexander L. Hinson Quincy City Attorney Post Office Box 550 Quincy, Florida 32353-0550
Dear Mr. Hinson:
You ask the following questions:
1. May the city commission, without an approving referendum, amend a provision of the city charter adopted prior to 1973 relating to the nomination and election to the office of city commissioner to require that nominating petitions be filed no later than the thirtieth day rather than the tenth day immediately preceding the date of such election?
2. May the city commission, without an approving referendum, amend a provision of the city charter adopted prior to 1973 to provide that the canvassing of returns and certification of results of voting shall be made by the city commission at any time following the closing of the polls on the day of the election rather than on the following day as prescribed in the charter?
In sum:
A city commission may not, without an approving referendum, amend provisions of a municipal charter relating to the procedures by which municipal officers are elected, such as changing the date of filing nominating petitions or of canvassing and certifying elections. The Legislature, however, may by special act effect such changes, provided that notice of its intent to seek enactment of the special act is published as required by the Constitution and general law or the special act is approved by referendum.
As your questions are interrelated, they will be answered together.
You have advised this office that the Charter for the City of Quincy has not been readopted or reenacted since the adoption of the Municipal Home Rule Powers Act (Act), Part I, Chapter 166, Florida Statutes, in 1973. In light of the provisions of section166.021(4), Florida Statutes, you state that you question whether the city commission may amend the charter as set forth above without an approving referendum.
Section 166.021(1), Florida Statutes, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." In order to implement this broad grant of power, section 166.021(4) and (5), Florida Statutes, nullified and repealed or converted into ordinances many provisions of municipal charters in existence on the effective date of the Act, which constituted limitations on, or pertained exclusively to, the power or jurisdiction of a municipality.[1]
Section 166.021(4), however, states:
[N]othing in this act shall be construed to permit any changes in a special law or municipal charter . . . which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031. . . . (e.s.)
Charters adopted or reenacted after the effective date of the Act are governed by the provisions of section 166.031, Florida Statutes, which generally requires approval by the electors for amendments to a charter.[2]
The term "manner" is generally defined as the mode or method in which something is done, a mode of procedures.[3] This office has stated that the term refers to the procedure by which something is accomplished and, thus, the phrase "manner of their election" in section 166.021(4), Florida Statutes, includes all aspects of the procedure by which municipal officers are elected.
Therefore, in Attorney General Opinion 75-172, this office concluded that the city commission was not authorized, without an approving referendum, to amend the charter provision to require a candidate for election to municipal office to pay a $25 filing fee in order to defray the cost of conducting the election.[4]
An amendment seeking to change the date on which nominating petitions must be filed or election results are canvassed and certified appears to relate to the procedures by which municipal officers are elected. While the amendments may not involve major alterations, section 166.021(4), Florida Statutes, requires that changes in election procedures for municipal officers prescribed in a charter adopted prior to the effective date of the Municipal Home Rule Powers Act be approved by referendum. Accordingly, approval by referendum to such changes in the charter would appear to be required.[5]
The Legislature may also effect such changes through passage of a special act.[6] Notice of the intention to seek enactment of the special act, however, must be published in the manner prescribed by law.[7] Such notice would not be required, however, if the special act were conditioned to become effective only upon approval by vote of the electors.[8]
I am, therefore, of the opinion that a city commission may not, without an approving referendum, amend provisions in a municipal charter relating to the procedures by which municipal officers are elected, such as changing the date of filing nominating petitions or of canvassing and certifying elections. The Legislature, however, may by special act effect such changes, provided that notice of its intent to seek enactment of the special act is published as required by the Constitution and general law or the special act is approved by referendum.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 166.021(4), Fla. Stat. (1993), stating that except for those enumerated areas of a charter or special act specified therein, "[a]ny other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed"; and s.166.021(5), Fla. Stat. (1993), stating:
All existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality except as otherwise provided in subsection (4) shall become an ordinance of that municipality on the effective date of this act, subject to modification or repeal as other ordinances.
[2] See, s. 166.031(1), Fla. Stat. (1993), providing that the governing body shall place the proposed amendment to the charter to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose. And see, Op. Att'y Gen. Fla. 75-223 (1975), stating that while the Municipal Home Rule Powers Act nullified and repealed or converted into municipal ordinances many provisions of the city charter as it existed on the effective date of the act, the charter that was readopted after the act's effective date would have to be amended pursuant to s. 166.031.
[3] And see, Black's Law Dictionary Manner p. 1115 (rev. 4th ed. 1968) ("A way, mode, method of doing anything, or mode of proceeding"); Webster's Third New International Dictionary Manner p. 1376 (unabridged ed. 1981) (the mode or method in which something is done or happens: a mode of procedure). Cf., Dade County v. Young Democratic Club of Dade County, 104 So.2d 636
(Fla. 1958), in which the Supreme Court of Florida interpreted the similar phrase "method of election."
[4] See also, Op. Att'y Gen. Fla. 75-158 (1975), stating that the town council could not amend its pre-1973 charter establishing the manner in which vacancies in the offices of mayor and town council member were filled without an approving referendum since such provisions relate to "the manner of their election." Compare, Op. Att'y Gen. Fla. 74-25 (1974), stating that the city council could adopt an ordinance providing that a council member who changed his permanent legal residence from the ward from which he was elected may continue to serve out the remainder of his term since such changes relate to qualifications for office and not to the manner of his election.
[5] As noted supra, a municipal charter adopted after the adoption of the Municipal Home Rule Powers Act must be amended in accordance with the provisions of section 166.031, Florida Statutes, which provides in subsection (1) for the governing body of the municipality to place the proposed amendment to a vote of the electors.
[6] Cf., Art. III, s. 11, Fla. Const., prohibiting special law pertaining to the election of officers except officers of municipalities, chartered counties, special districts or local governmental agencies.
[7] Article III, s. 10, Fla. Const. And see, ss. 11.02-11.03, setting forth the notice requirements.
[8] Id.